******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

STATE OF CONNECTICUT *v.*
CHRISTOPHER J. DIONNE
(AC 43775)

Prescott, Moll and Lavery, Js.

*Syllabus*

Convicted, after a jury trial, of the crimes of sexual assault in the fourth
degree and risk of injury to a child, the defendant appealed to this
court. *Held*:

1. The defendant could not prevail on his unpreserved claim that the trial
court committed plain error by permitting the victim's mother to testify
as a constancy of accusation witness regarding statements the victim
made to her disclosing the assault perpetrated by the defendant: the
defendant's counsel raised the issue of the victim's delayed disclosure
of the assault at trial during his cross-examination of the victim, thus,
the court's admission of the mother's constancy of accusation testimony
was consistent with the procedures established by our Supreme Court
in *State* v. *Daniel W. E.* (322 Conn. 593) and contained in the applicable
provision (§ 6-11) of the Connecticut Code of Evidence; moreover, the
defendant's claim that the victim's disclosure of the assault within
twenty-four hours should have precluded the use of constancy of accusa-
tion testimony was an issue of first impression and, thus, the defendant
failed to establish the existence of an error so obvious it affected the
fairness and integrity of and public confidence in the judicial proceed-
ings.

2. The defendant could not prevail on his unpreserved claim that the trial
court committed plain error by admitting into evidence a videotape of the
victim's forensic interview under the constancy of accusation doctrine
or pursuant to the medical diagnosis or treatment exception to the
rule against hearsay evidence; nothing in the record indicates that the
videotape was admitted pursuant to the constancy of accusation doc-
trine, and, as the defendant did not object to the admissibility of the
videotape on any grounds or question the victim regarding her under-
standing of the purpose of the interview during trial, the record was
inadequate to determine whether the victim understood that what she
said during the interview was for the purpose of receiving medical
diagnosis or treatment.

Argued May 10—officially released August 31, 2021

*Procedural History*

Substitute information charging the defendant with
one count each of the crimes of sexual assault in the
fourth degree and risk of injury to a child, brought to the
Superior Court in the judicial district of New London,
geographical area number ten, and tried to the jury
before *Jongbloed, J.*; verdict and judgment of guilty,
from which the defendant appealed to this court.
*Affirmed.*

*Norman A. Pattis*, for the appellant (defendant).

*Samantha L. Oden*, deputy assistant state's attorney,
with whom, on the brief, were *Michael L. Regan*, state's
attorney, and *Theresa Ferryman*, senior assistant
state's attorney, for the appellee (state).

*Opinion*

PRESCOTT, J. The defendant, Christopher J. Dionne, appeals from the judgment of conviction, rendered after a jury trial, of one count of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A) and one count of risk of injury to a child in violation of General Statutes § 53-21 (a) (2). On appeal, the defendant claims that the trial court improperly (1) permitted the victim's mother[1] to testify as a constancy of accusation witness regarding statements made by the victim to her that disclosed the sexual abuse perpetrated by the defendant, and (2) admitted a videotape of the victim's forensic interview under the constancy of accusation doctrine or pursuant to the medical diagnosis or treatment exception to the rule against hearsay evidence. The defendant concedes that both of these claims are unpreserved and are not of constitutional magnitude. Accordingly, he seeks to prevail under the plain error doctrine. We conclude that the defendant has failed to meet his high burden of demonstrating plain error and, accordingly, affirm the judgment of conviction.

The jury reasonably could have found the following facts. The victim was ten years old at the time the defendant sexually assaulted her. She was best friends with the defendant's daughter. The defendant and his family lived on the same street as the victim.

On November 25, 2017, the victim slept over at the defendant's house. At 1:30 a.m., the defendant returned home and entered the living room where the victim was sleeping. After awaking the victim by his presence, he proceeded to touch and rub the victim's buttocks and her breasts. He also asked the victim to kiss his penis to which she responded, "No." He warned the victim not to tell anyone about what he had done to her.

On November 26, 2017, the victim disclosed to her mother that the defendant had touched her buttocks and breasts. She also repeated the disclosure to a family therapist, during which time she became physically ill.

On the following day, the victim's mother reported the victim's disclosure to the Department of Children and Families (DCF), spoke to a resident state trooper, Kazimera Morse, and turned over to Morse clothing that the victim had been wearing during her sleepover at the defendant's house. Morse informed the victim's mother that DCF would contact her regarding what to do next with the "medical process." DCF contacted the victim's mother later that day to schedule a forensic interview of the victim.

A forensic interview of the victim was conducted on November 29, 2017, at Yale New Haven Hospital by a licensed clinical social worker. During the interview, the victim disclosed in greater detail the sexual assault committed by the defendant. Immediately following the interview, a physician performed a physical examina-

tion of the victim, the results of which were normal.

The defendant later admitted to the police that he had physical contact with the victim during the sleepover but represented that the contact had not been sexual in nature. Subsequent DNA analysis of swabs taken from the victim's pajama shorts further inculpated, albeit not conclusively, the defendant. As a result, the defendant was arrested in January, 2018.

At the defendant's jury trial, the victim was the first witness to testify. She described the sexual abuse perpetrated on her by the defendant, explained why she did not disclose the abuse immediately the following morning, and stated that she first disclosed the abuse to her mother late the following day after taking a bath. During his cross-examination of the victim, defense counsel asked a series of questions that suggested that she had had various opportunities throughout the day to tell her mother what had happened but failed to do so.

The state subsequently offered, and the court admitted without objection, testimony by the victim's mother regarding the disclosure made to her by the victim about the abuse the previous night. This testimony was elicited in compliance within the strictures regarding constancy of accusation testimony set forth in § 6-11 (c) of the Connecticut Code of Evidence.[2] The court also gave a limiting instruction to the jury regarding the proper use of constancy of accusation testimony.

The court also admitted without objection a video-tape of the forensic interview of the victim. During the interview, the victim provided additional information regarding the sexual abuse perpetrated on her by the defendant. This evidence was admitted for substantive purposes. The defendant was expressly asked by the court on two separate occasions whether he had any objection to the admission of the videotape, and his counsel stated that he did not.

The jury subsequently found the defendant guilty of both charges. The court imposed a total effective sentence of seven years of incarceration, suspended after three years, followed by ten years of probation and a $7500 fine. This appeal followed.

I

The defendant first claims that the court committed plain error by admitting, without objection, the testimony of the victim's mother, pursuant to the constancy of accusation doctrine, that the victim had disclosed to her, on the day following the sleepover, that the defendant had sexually assaulted her. Specifically, the defendant asserts that the admission of the mother's testimony under the constancy of accusation doctrine was plain error because that doctrine should not apply in cases in which the victim's delay in disclosing the sexual abuse is less than twenty-four hours. We conclude that the defendant has failed to demonstrate that

the trial court committed plain error.

"It is well established that the plain error doctrine . . . is an extraordinary remedy used by appellate courts to rectify errors committed at trial that, although unpreserved [and nonconstitutional in nature], are of such monumental proportion that they threaten to erode our system of justice and work a serious and manifest injustice on the aggrieved party. . . . That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment . . . for reasons of policy. . . . In addition, the plain error doctrine is reserved for truly extraordinary situations [in which] the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Plain error is a doctrine that should be invoked sparingly. . . .

"An appellate court addressing a claim of plain error first must determine if the error is indeed plain in the sense that it is patent [or] readily [discernable] on the face of a factually adequate record, [and] also . . . obvious in the sense of not debatable.

. . . [A] complete record and an obvious error are prerequisites for plain error review . . . . [An appellant] cannot prevail under [the plain error doctrine] . . . unless he demonstrates that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *State* v. *Moon*, 192 Conn. App. 68, 97–99, 217 A.3d 668 (2019), cert. denied, 334 Conn. 918, 222 A.3d 513 (2020).

We next briefly summarize the constancy of accusation doctrine. "The constancy of accusation doctrine traces its roots to the fresh complaint rule . . . [t]he narrow purpose of [which] . . . was to negate any inference that because the victim had failed to tell anyone that she had been [sexually assaulted], her later assertion of [sexual assault] could not be believed. . . . [B]ecause juries were allowed—sometimes even instructed—to draw negative inferences from the woman's failure to complain after an assault . . . the doctrine of fresh complaint evolved as a means of counterbalancing these negative inferences. Used in this way, the fresh complaint doctrine allowed the prosecutor to introduce, during the case-in-chief, evidence that the victim had complained soon after the [sexual assault]. Its use thereby forestalled the inference that the victim's silence was inconsistent with her present formal complaint of [assault]. . . . In other words, evidence admitted under this doctrine effectively served as anticipatory rebuttal, in that the doctrine often permitted the prosecutor to bolster the credibility of the victim before her credibility had first been attacked. . . . The fresh

complaint doctrine thus constituted a rare exception to the common-law rule that prohibited rehabilitative evidence in the absence of an attack on the [witness'] credibility. . . .

"Presently, the constancy of accusation doctrine, as modified by our Supreme Court in [*State* v. *Daniel W. E.*, 322 Conn. 593, 618–19, 142 A.3d 265 (2016)], permits the victim in a sexual assault case . . . to testify on direct examination regarding the facts of the sexual assault and the identity of the person or persons to whom the incident was reported. . . . Thereafter, if defense counsel challenges the victim's credibility by inquiring, for example, on cross-examination as to any out-of-court complaints or delayed reporting, the state will be permitted to call constancy of accusation witnesses subject to [certain] limitations . . . . If defense counsel does not challenge the victim's credibility in any fashion on these points, the trial court shall not permit the state to introduce constancy testimony but, rather, shall instruct the jury that there are many reasons why sexual assault victims may delay in officially reporting the offense, and, to the extent the victim delayed in reporting the offense, the delay should not be considered by the jury in evaluating the victim's credibility. . . . A constancy of accusation witness is limited to testifying only with respect to the fact and timing of the victim's complaint; any testimony by the witness regarding the details surrounding the assault must be strictly limited to those necessary to associate the victim's complaint with the pending charge, including, for example, the time and place of the attack or the identity of the alleged perpetrator." (Citations omitted; footnote omitted; internal quotation marks omitted.) *State* v. *Prince A.*, 196 Conn. App. 413, 417–19, 229 A.3d 1213, cert. denied, 335 Conn. 949, 238 A.3d 20 (2020).

The defendant's claim of plain error regarding the admission of the testimony of the victim's mother warrants only a brief discussion. First, the defendant conceded at oral argument before this court that his trial counsel raised the issue of delayed disclosure when he cross-examined the victim about her opportunities to speak to her mother throughout the day following the sexual assault. Thus, the court's admission of the constancy of accusation testimony by the victim's mother was entirely consistent with the procedures established by our Supreme Court in *State* v. *Daniel W. E.*, supra, 322 Conn. 593, and that are contained in § 6-11 (c) of the Connecticut Code of Evidence. If this case plainly did not involve a question of delayed disclosure, as the defendant now argues, then it would have been entirely unnecessary for his counsel to attack the victim's credibility on cross-examination by suggesting that she had prior opportunities to disclose the sexual assault but had not done so. Indeed, his trial counsel stated at the charge conference that "while this may not be your traditional late disclosure case, there is an element of

it," and he agreed that the court should provide a constancy of accusation instruction to the jury.

Second, the defendant's claim on appeal that constancy of accusation testimony should not have been permitted in a case like the present one, in which the victim disclosed the assault within twenty-four hours of its occurrence, is not readily answered by our existing jurisprudence. The defendant has failed to cite to any cases holding that the constancy of accusation doctrine is inapplicable in cases in which the delay in disclosing the sexual assault is less than twenty-four hours. In fact, the defendant conceded at oral argument before this court that there was no guidance in our case law regarding how much time must pass before a victim's disclosure of sexual abuse is deemed to be a delayed disclosure. Simply put, the defendant on appeal characterized this issue as being one of first impression. See *State* v. *Fagan*, 280 Conn. 69, 88, 905 A.2d 1101 (2006) (defendant could not prevail under plain error doctrine with respect to issue of first impression), cert. denied, 549 U.S. 1269, 127 S. Ct. 1491, 167 L. Ed. 2d 236 (2007). Under these circumstances, the defendant has fallen far short of establishing that "the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings."[3] (Internal quotation marks omitted.) *State* v. *Moon*, supra, 192 Conn. App. 98. Accordingly, we reject the claim.

II

We next address the defendant's claim that the court committed plain error by admitting the videotape of the victim's forensic interview. Specifically, the defendant asserts that the videotape was plainly inadmissible under (1) the constancy of accusation doctrine, or (2) the well established exception to the hearsay rule for statements made for purposes of obtaining medical diagnosis or treatment because there was no medical purpose for the forensic interview. We are not persuaded on this record that the court committed plain error in admitting the videotape of the forensic interview.

Because we previously set forth the standard governing claims of plain error, we need not repeat it here. The defendant's first contention that the trial court committed plain error by admitting the videotape of the forensic interview under the constancy of accusation doctrine is meritless because its underlying premise finds no support in the record. Nothing in the record suggests that the videotape was admitted under that doctrine. At the time the court admitted the videotape, it did not instruct the jury that it may not consider the victim's statements on the videotape as substantive evidence as would have been required if it were constancy of accusation evidence. It also did not mention this evidence when it did provide a constancy of accusa-

tion instruction to the jury regarding the use of the testimony of the victim's mother about the victim's disclosure to her of the sexual assault. Finally, the contents of the victim's statements were not limited to the permitted subjects set forth in § 6-11 (c) of the Connecticut Code of Evidence. See footnote 1 of this opinion.

Accordingly, we turn to the defendant's second contention that the trial court committed plain error by admitting the videotape under the medical treatment and diagnosis exception to the hearsay rule. With respect to the admissibility of forensic interviews in sexual assault cases, our Supreme Court recently concluded that statements obtained during such interviews are admissible for substantive purposes if the statements meet the foundational requirements of the exception to the hearsay rule for statements made for purposes of obtaining medical diagnosis or treatment. See *State* v. *Manuel T.*, 337 Conn. 429, 446,     A.3d (2020); see also Conn. Code Evid. § 8-3 (5); *State* v. *Griswold*, 160 Conn. App. 528, 551–52, 127 A.3d 189, cert. denied, 320 Conn. 907, 128 A.3d 952 (2015).

We recently described the standards of admissibility of such interviews under the medical diagnosis and treatment exception as follows: "A statement made for purposes of obtaining a medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof, insofar as reasonably pertinent to the medical diagnosis or treatment. Admissibility of such statements turns on whether the declarant was seeking medical diagnosis or treatment, and the statements are reasonably pertinent to achieving those ends. . . . The rationale underlying the medical treatment exception to the hearsay rule is that the patient's desire to recover his [or her] health . . . will restrain him [or her] from giving inaccurate statements to a physician employed to advise or treat him [or her]. . . .

"[S]tatements may be reasonably pertinent . . . to obtaining medical diagnosis or treatment even when that was not the primary purpose of the inquiry that prompted them, or the principal motivation behind their expression. . . . Although [t]he medical treatment exception to the hearsay rule requires that the statements be both pertinent to treatment and motivated by a desire for treatment . . . in cases involving juveniles, our cases have permitted this requirement to be satisfied inferentially. . . .

"[T]he statements of a declarant may be admissible under the medical treatment exception if made in circumstances from which it reasonably may be inferred that the declarant understands that the interview has a medical purpose. Statements of others, including the interviewers, may be relevant to show the circumstances. . . . In [*State* v. *Manuel T.*, 186 Conn. App.

51, 62, 198 A.3d 648 (2018), rev'd on other grounds, 337 Conn. 429, A.3d (2020)], this court explained that the focus of the medical treatment exception is the declarant's understanding of the purpose of the interview . . . . Accordingly, the inquiry must be restricted to the circumstances that could be perceived by the declarant, as opposed to the motivations and intentions of the interviewer that were not apparent to the declarant. . . . This focus accords with the rationale for the medical diagnosis and treatment exception that patients are motivated to speak truthfully to their medical care providers when their own well-being is at stake.

"Under our case law, the state need only show that the forensic interview had a medical purpose that the declarant reasonably understood. . . . This court on numerous occasions has upheld the admission of forensic interviews where the purpose of the interview was primarily investigative." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *State* v. *Freddy T.*, 200 Conn. App. 577, 590–93, 241 A.3d 173 (2020).

"Finally, the focus on the understanding of the declarant that there is a medical purpose for the interview remains even when the declarant is a young child. The law in Connecticut is that, although statements made by young children are admissible under the medical diagnosis and treatment exception to the hearsay rule, the principle holds true that '[s]tatements made [in sexual assault cases] . . . reciting history, causation, and the identity of the person causing the injury should be scrutinized to ensure that they are generated for the proper purpose, namely treatment and not litigation.' E. Prescott, Tait's Handbook of Connecticut Evidence (6th Ed. 2019) § 8.17.4 (b), p. 569 . . . . Consequently, our case law recognizes that the age of a child sometimes necessitates allowing an inference, rather than direct evidence, to conclude that the declarant understood the purpose of the interview to be medical." (Citations omitted.) *State* v. *Freddy T.*, supra, 200 Conn. App. 596–97.

In the present case, because the defendant did not raise an objection to the admissibility of the forensic interview, the record is mostly barren regarding evidence relating to the victim's subjective understanding of the purpose of the interview, including whether it was for medical diagnosis or treatment. In fact, the defendant did not ask the victim any questions on cross-examination regarding her understanding of the purpose or purposes of the interview. Moreover, because the defendant did not object to the admissibility of the videotape on any grounds, the state was never put on notice that it needed to develop further the record regarding the victim's subjective understanding of whether there was a medical purpose to the interview.

At best, the record shows, as the defendant concedes, that the victim was told at the beginning of the interview by the social worker that "I am here to make sure that you're safe and that your body is healthy. . . . Some of the people I work with are doctors and nurses and they give the kids I talk to check-ups . . . . Everything that I talk to kids about, the doctors and nurses can hear . . . ."

Under these circumstances, the defendant's claim of plain error founders on the requirement that "the error is indeed plain in the sense that it is patent [or] readily [discernable] on the face of a factually adequate record . . . . [A] complete record and an obvious error are prerequisites for plain error review . . . ." (Internal quotation marks omitted.) *State* v. *Moon*, supra, 192 Conn. App. 98. Because the record is inadequate to determine whether the victim understood that what she said during the interview was for the purpose of receiving medical diagnosis or treatment, the defendant's claim of plain error fails.[4]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[2] Section 6-11 (c) of the Connecticut Code of Evidence provides in relevant part: "[Constancy of accusation] witnesses may testify that the allegation was made and when it was made, provided that the complainant has testified to the facts of the alleged assault and to the identity of the person or persons to whom the alleged assault was reported. Any testimony by the witnesses about details of the alleged assault shall be limited to those details necessary to associate the complainant's allegations with the pending charge. The testimony of the witnesses is admissible only with regard to whether the complaint was made and not to corroborate the substance of the complaint."

[3] We express no opinion as to how this claim may have been resolved had it been properly preserved. See *State* v. *Fagan*, supra, 280 Conn. 89 n.14.

[4] Indeed, in his brief on appeal, the defendant recognizes the weakness of his claim by stating: "[The defendant's] claim on this issue is easily defeated if this court concludes that the forensic interview was not constancy evidence at all, but was, in fact, introduced under the exception to the hearsay rule permitting statements to medical providers."